MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JAIME GONZALEZ and ANDRES
FUENTES , *individually,*

                 *Plaintiffs*,

      -against-

TECTON CAFE INC.(d/b/a ESTANCIA 460),
and STACY SOSA ,

               *Defendants.*
-------------------------------------------------------X

                            **COMPLAINT**

                            **ECF Case**

Plaintiffs Jaime Gonzalez and Andres Fuentes , individually (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace Esq., upon their knowledge and belief, and as against Tecton Cafe Inc.(d/b/a Estancia 460), ("Defendant Corporation"), and Stacy Sosa  ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.    Plaintiffs are former employees of Defendants Tecton Cafe Inc.(d/b/a Estancia 460), and Stacy Sosa .

2.     Defendants own, operate, or controls an Argentinian  restaurant, located at 460 Greenwich St., New York, NY 10013 under the name "Estancia 460".

3.    Upon information and belief, individual Defendant Stacy Sosa , serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs were employed as a cook and a delivery worker at the restaurant located at 460 Greenwich St., New York, NY 10013.

5.    Plaintiff Fuentes was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to refilling containers, preparing delivery packages for delivery companies and taking out the garbage (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.    Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.    Defendants employed and accounted for Plaintiff Fuentes as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.    Regardless, at all relevant times, Defendants paid Plaintiff Fuentes at a rate that was lower than the required tip-credit rate.

12.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Fuentes's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Fuentes's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Fuentes at the minimum wage rate and enabled them to pay him at a rate that was below the tip-credit rate.

14.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Fuentes's tips and made unlawful deductions from Plaintiff Fuentes's wages.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiffs now bring this action on behalf of themselves, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate an Argentinian restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

19.  Plaintiff Jaime Gonzalez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Queens County, New York. Plaintiff Gonzalez was employed by Defendants at Estancia 460 from approximately 2018 until on or about January 19, 2025.

20.  Plaintiff Andres Fuentes ("Plaintiff Fuentes" or "Mr. Fuentes") is an adult individual residing in Queens County, New York. Plaintiff Fuentes was employed by Defendants at Estancia 460 from approximately May 2018 until on or about January 2, 2025.

21.  Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

22.  At all relevant times, Defendants own, operate, or control an Argentinian restaurant, located at 460 Greenwich St., New York, NY 10013 under the name "Estancia 460".

23.  Upon information and belief, Tecton Cafe Inc.(d/b/a Estancia 460) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 460 Greenwich St., New York, NY 10013.

24.  Defendant Stacy Sosa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Stacy Sosa is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Stacy Sosa possessed operational controls over Defendant Corporation, an ownerhip interest in Defendant

Corporation, and controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25.    Defendants operate an Argentinian restaurant located in the Tribeca neighborhood in New York City.

26.    Individual Defendant, STACY SOSA , possesses operational controls over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial controls over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

29.    Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiffs.

31.    Upon information and belief, Individual Defendant STACY SOSA operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of her own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    In each year from 2019 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35.    Plaintiffs are former employees of Defendants who were employed as a cook and a delivery worker.

36.    However, Plaintiff Fuentes, who ostensibly was employed as a delivery worker, spent over 20% of his time performing the non-tipped duties stated above.

37.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jaime Gonzalez*

38.    Plaintiff Gonzalez was employed by Defendants from approximately 2018 until on or about January 19, 2025.

39.    Defendants employed Plaintiff Gonzalez as a cook.

40.    Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

43.    From approximately March 2019 until on or about November 2024, Plaintiff Gonzalez worked from approximately  9:30 a.m. until on or about 4:30 p.m. Tuesdays through

Fridays  and from approximately 9:30 a.m. until on or about 11:00 p.m. Sundays and Mondays (typically 55 hours per week).

44.    From approximately December 2024 until on or about January 19, 2024, Plaintiff Gonzalez worked from approximately 9:30 a.m. until on or about 4:30 p.m., Sundays through Fridays (typically 42 hours per week).

45.    Throughout his employment, Defendants paid Plaintiff Gonzalez his wages by personal check.

46.    From approximately March 2019 until on or about July 2022, Defendants paid Plaintiff Gonzalez a fixed salary of $760 per week.

47.    From approximately August 2022 until on or about August 2023, Defendants paid Plaintiff Gonzalez a fixed salary of $930 per week.

48.    From approximately August 2023 until on or about August 2024, Defendants paid Plaintiff Gonzalez a fixed salary of $1400. 00 per week.

49.    From approximately December 2024 until January 19, 2025, defendants paid Plaintiff Gonzalez a fixed salary of $930 per week.

50.    From approximately November  2024 until on or about January 19, 2025, Defendants delayed  the payment of Plaintiff Gonzalez's   paychecks for three weeks.

51.    Specifically, on January 19, 2025 Defendant Sosa refused to pay Plaintiff Gonzalez outstanding paychecks for $1400.00, $930.00 and $1000.00.

52.    Plaintiff Gonzalez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.    For example, Defendants required Plaintiff Gonzalez to work an additional 30 minutes past his scheduled departure time at least once a month, and did not pay him for the additional time he worked.

54.    Defendants never granted Plaintiff Gonzalez any breaks or meal periods of any kind.

55.    Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

57.    Defendants did not provide Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

58.    Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Andres Fuentes*

59.    Plaintiff Fuentes was employed by Defendants from approximately May 2018 until on or about January 2, 2025.

60.    Defendants ostensibly employed Plaintiff Fuentes as a delivery worker.

61.    However, Plaintiff Fuentes was also required to spend a significant portion of his work day performing the non-tipped duties described above.

62.    Although Plaintiff Fuentes ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

63.    Plaintiff Fuentes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.    Plaintiff Fuentes's work duties required neither discretion nor independent judgment.

65.    Throughout his employment with Defendants, Plaintiff Fuentes regularly worked in excess of 40 hours per week.

66.    From approximately March 2019 until on or about March 2020, Plaintiff Fuentes worked from approximately 5:00 p.m. until on or about 10:00 p.m., four days a week  and from approximately 11:00 a.m. until on or about 10:00 p.m. two days a week (typically 42 hours per week).

67.    From approximately March 2020 until on or about February  2021, Plaintiff Fuentes worked from approximately 5:00 p.m. until on or about 10:00 p.m., three days a week  (typically 15 hours per week).

68.    From approximately March 2021 until on or about March 2022, Plaintiff Fuentes worked from approximately 5:00 p.m. until on or about 10:00 p.m., six days a week  (typically 30 hours per week).

69.    From approximately March 2022 until on or about October 2024, Plaintiff Fuentes worked from approximately 5:00 p.m. until on or about 10:00 p.m., five days a week  and from approximately 11:00 a.m. until on or about 10:00 p.m. one day a week (typically 36 hours per week).

70.    From approximately October 2024 until on or about January 1, 2024, Plaintiff Fuentes worked from approximately 5:00 p.m. until on or about 10:00 p.m., four days a week  and from approximately 11:00 a.m. until on or about 10:00 p.m. two days a week (typically 42 hours per week).

71.    Throughout his employment,  Defendants paid Plaintiff Fuentes his wages by personal check.

72.    From approximately March 2019 until on or about December 2022, Defendants paid Plaintiff Fuentes $10.00  per hour.

73.    From approximately December  2022 until on or about January 2,  2025, Defendants paid Plaintiff Fuentes $13.00 per hour.

74.    Defendants never granted Plaintiff Fuentes any breaks or meal periods of any kind.

75.    Plaintiff Fuentes was never notified by Defendants that his tips were being included as an offset for wages.

76.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Fuentes's wages.

77.    Defendants withheld a portion of Plaintiff Fuentes's tips; specifically, from approximately March 2020 until on or about February 2021, Defendants withheld one-third of Plaintiff Fuentes's tips and gave it to the bartender.

78.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fuentes regarding overtime and wages under the FLSA and NYLL.

79.    Defendants did not provide Plaintiff Fuentes an accurate statement of wages, as required by NYLL 195(3).

80.    Defendants did not give any notice to Plaintiff Fuentes, in English and in Spanish (Plaintiff Fuentes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.    Defendants required Plaintiff Fuentes to purchase "tools of the trade" with his own funds—including four bicycles, a helmet, breaks two sets of lights, repair and maintenance every month and four raincoats.

*Defendants' General Employment Practices*

82.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

83.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.    Defendants required Plaintiff Fuentes to perform general non-tipped tasks in addition to his primary duties as a delivery worker.

86.    Plaintiff Fuentes was ostensibly employed as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

87.    Plaintiff Fuentes's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

88.   Plaintiff Fuentes was paid at a rate that was lower than the tip-credit rate by Defendants.

89.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Fuentes's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

90.   New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

91.   In violation of federal and state law as codified above, Defendants classified Plaintiff Fuentes as a tipped employee, and paid him at a rate that was lower than the tip-credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

92.   Defendants failed to inform Plaintiff Fuentes, who received tips, that Defendants intended to take a deduction against Plaintiff Fuentes's earned wages for tip income, as required by the NYLL before any deduction may be taken.

93.   Defendants failed to inform Plaintiff Fuentes who received tips, that their tips were being credited towards the payment of the minimum wage.

94.   Defendants failed to maintain a record of tips earned by Plaintiff Fuentes who worked as a delivery worker for the tips he received.

95.   As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Fuentes, who received tips, by engaging in a pattern, practice, and/or

policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Fuentes of a portion of the tips earned during the course of employment.

96.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Fuentes, in violation of New York Labor Law § 196-d (2007).

97.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

98.    Defendants refused to pay Plaintiff Gonzalez three outstanding paychecks.

99.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

100.    Defendants paid Plaintiffs their wages by personal check.

101.    Defendants failed to post at the workplace, or otherwise provide to Plaintiffs, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

102.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

103.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

104.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

105.    Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

106.    Defendants failed to provide Plaintiffs, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the Plaintiffs' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

107.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

108.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been

subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

109.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

112.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

113.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

114.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

115.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

116.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

119.    Defendants' failure to pay Plaintiffs, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

120.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

121.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

123.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

124.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

**OF THE NEW YORK STATE LABOR LAW**

126. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

128. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

129. Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

130. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

132. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

133. Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

134. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

136. Defendants are liable to each Plaintiff in the amount of $2,050, together with costs and attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

137. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

139. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

140.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

142.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

143.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

145.    New York State Labor Law § 196-d prohibits any employer or his agents, including owner and manager, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

146.    Defendants unlawfully misappropriated a portion of Plaintiff Fuentes's tips that were received from customers.

147.    Defendants knowingly and intentionally retained a portion of Plaintiff Fuentess's tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiff Fuentes was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

148.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

149.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

150.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA;

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       March 19, 2025

MICHAEL FAILLACE ESQ.

By:    _____/s/ Michael Faillace_____
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiffs*