Revised April 18, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

Gonzalez, et al                                    25-Civ. 2288

       Plainiff(s),

  -against-                                     ~~PROPOSED~~ CASE MANAGEMENT PLAN AND
                                                   REPORT OF RULE 26(f) CONFERENCE

Tecton Cafe Inc., et al

       Defendant(s).

-----------------------------------------------------------------X

## Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

---

I have reviewed the parties' Proposed Case Management Plan and Report of Rule 26(f) Conference. The parties' Case Management Plan is SO ORDERED with minor revisions to ¶ 7, as reflected herein. The July 2, 2025 Initial Case Management Conference is canceled.

SO ORDERED

Dated: June 26, 2025
      New York, NY

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

*Revised April 18, 2024*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on__(at least one wee**k before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1.  **Summary of Claims, Defenses, and Relevant Issues**

    Plaintiff:
    Minimum wage, overtime, spread of hours, recovery of equipment costs, unlawful deductions from tips, untimely payment, and violations of the wage notice and wage statement requirement pursuant to the NYLL and FLSA

    Defendant:
    Assuming, *arguendo,* that Plaintiffs have satisfied their initial burden under *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (which they have not), Plaintiffs will not be able to meet their burden of proof to rebut Defendants' argument that they were properly paid for all hours worked.

2.  **Basis of Subject Matter Jurisdiction**

    **This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).**

    **Defendants contend that Plaintiffs lack standing to maintain statutory violations for wage notice and wage statement violations.**

3.  **Subjects on Which Discovery May Be Needed**

*Revised April 18, 2024*

<u>Plaintiff(s):</u>

| |
|---|
| Time records and payment records from the Defendants. Any communications between the parties. |

| |
|---|
| Defendants: Time and Payroll records from Plaintiffs. Any communications between the parties. |

*Revised April 18, 2024*

Defendant(s):

_____
_____
_____
_____
_____
_____

4. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on June 25, 2025.  In addition, on_____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on_____June 25, 2025.  In addition, on___, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

   The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by October 31, 2025 . If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

Revised April 18, 2024

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.

    a.    <u>Depositions</u>: Depositions shall be completed by September 30, 2025, and limited to no more than <u>2</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    b.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>July 31, 2025</u>. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    c.    <u>Requests for Admission</u>: Requests for admission must be served on or before <u>July 31, 2025</u>.

    d.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>July 31, 2025</u> and responses shall be due on <u>September 1, 2025</u>. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

None.

7. The parties shall file an update on the status of discovery on [the following dates]: August 4, 2025 and September 3, 2025

*Revised April 18, 2024*

Such update shall include: Whether there are any outstanding discovery issues.

<div style="color:red; border:1px solid red; padding:4px;">
The September 3, 2025 update shall inform the Court whether the parties prefer a settlement conference with the designated magistrate judge or a referral to the Court's mediation group.
</div>

**8.    Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? Not at this time.

    b.    Last date to amend the Complaint: September 30, 2025.

**9.    Joinder of Parties**

    c.    Are there other necessary parties that need to be joined? No.

    d.    Is joinder of other parties anticipated? No.

    e.    Last date to join other parties: September 30, 2025

**10.   Expert Witness Disclosures**

At this time, the parties do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by September 30, 2025

**11.   Electronic Discovery and Preservation of Documents and Information**

    f.    Have the parties discussed electronic discovery? No.

    g.    Is there an electronic discovery protocol in place? No. If not, when the parties except to have one in place? _____.

    h.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
None.

**12.   Anticipated Motions**
Motion for summary judgment by the Plaintiffs.

**13.   Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

7

*Revised April 18, 2024*

**14.   Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation (circle one); by no later than _____.

The following information is needed before settlement can be discussed:
_____
_____
_____

**15.   Trial**

   a.   The parties anticipate that this case will be ready for trial by March 2, 2026.

   b.   The parties anticipate that the trial of this case will require 3 days.

   c.   The parties request a jury (circle one) trial.

   d.   The parties consent (circle one) to Magistrate Judge jurisdiction at this time.

**16.   Other Matters**
_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this _____ 26th day of June, 2025.

| | |
|---|---|
| */s/ Robert Jun* | */s/ Jason Mizrahi* |
| Counsel for Plaintiff(s) | Counsel for Defendant(s) |